IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER A. GILLESPIE,

        Plaintiff,

     v.                             CASE NO. 13-3012-SAC

JIM D. GRIFFITHS,
Special Agent, et al.,

        Defendants.

**O R D E R**

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate who is currently confined at the Sedgwick County Jail in Wichita, Kansas. Plaintiff is required to pay an initial partial filing fee and to show cause why his complaint should not be dismissed for failure to state a claim.

**CLAIMS AND ALLEGATIONS**

Plaintiff complains of events that allegedly occurred while he was confined at the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). As Count I of his complaint, Mr. Gillespie claims that his Fourth Amendment rights were violated by a "warrantless search and seizure into (his) legal mail." As factual support for this claim, he alleges that he submitted a legal letter in connection with an investigation at the EDCF, which he then admitted was a mistake; and that the Intelligence and Investigation Department (I&I) refused

1

to return "the written communication" even though they had agreed to do so after the investigation was completed.

As Count II, plaintiff claims that he has been subjected to "sexual preference discrimination." In support, he alleges denial of phone use, showers, timely investigation and unfair treatment.

Mr. Gillespie seeks return of his mail and $1000 for psychological worry and stress.

**INITIAL PARTIAL FILING FEE ASSESSED**

The statutory fee for filing a civil rights complaint in federal court is $350.00. Plaintiff has filed a Motion to Proceed without Prepayment of Fees (Doc. 2) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1) being granted such leave does not relieve an inmate from the obligation to pay the full filing fee. Instead, it merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly

deposit to plaintiff's account during the relevant time was $93.65, and the average monthly balance was $26.15. The court therefore assesses an initial partial filing fee of $18.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Gillespie is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court also accepts all well-pleaded

3

allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Having applied these standards to the complaint filed herein, the court finds that it is subject to being dismissed for the following reasons.

**DEPARTMENT NOT PROPER DEFENDANT**

In the caption of his complaint, plaintiff names 2 defendants, one of which is the EDCF "Intelligence-Investigations Dept." A department is not a "person" and is therefore not a proper defendant in a lawsuit under § 1983.

**FAILURE TO STATE A CLAIM**

The most that can be discerned from plaintiff's allegations in Count I is that he gave a piece of mail to defendant Griffiths prior to an internal prison investigation, and Griffiths refused to return it. This mail is variously referred to as attorney letter, legal mail, the document, and legal material; however, plaintiff provides

4

no hint as to its content. His assertion that this amounted to a violation of the Fourth Amendment is not supported by plaintiff's sparse allegations. There was no search or seizure since he voluntarily gave the letter to the defendant.

Plaintiff's allegations might be liberally construed as seeking return of a piece of attorney mail. However, he does not allege facts indicating that the failure to return this mail resulted in a denial of access to the courts by causing actual injury to a non-frivolous lawsuit filed by him. Nor are his allegations sufficient to state a claim of deprivation of property without due process, given that administrative remedies and state tort remedies are available to redress property loss.

Plaintiff's claim of "sexual preference discrimination" is totally devoid of factual support, including dates, participants and circumstances. Accordingly, it fails to state a claim under § 1983. The same is true of plaintiff's bald allegation of profiling.

Finally, the court finds that plaintiff's claim for damages for "psychological worry and stress" is barred by the limitation on recovery set forth in 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff does not allege a physical injury.

Mr. Gillespie is required to show cause why this action should

not be dismissed for failure to state a claim.  If he fails to show good cause within the time specified by the court, this action may be dismissed without further notice.

**MOTION TO APPOINT COUNSEL**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 3) and finds it should be denied.  There is no right to assistance of counsel in a civil rights lawsuit, and it appears that this action has no merit.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $18.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to state a federal constitutional claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge